MH

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Robert Lee Coleman,

                Petitioner,

v.

David Shinn, et al.,

                Respondents.

No.   CV 21-01619-PHX-MTL (MHB)

**ORDER**

On September 21, 2021, Petitioner Robert Lee Coleman, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  In a September 24, 2021 Order, the Court gave Petitioner 30 days to either pay the $5.00 filing fee or file an in forma pauperis application. On September 27, 2021, Petitioner paid the filing fee.  The Court will require an answer to the Petition.

**I.      Petition**

On June 12, 2019, Petitioner pleaded guilty to interference with monitoring device in Maricopa County Superior Court case #CR 2018-005367.[1]  On July 17, 2019, he was sentenced to a 5.5 year-term of imprisonment with credit for time served.[2]  Petitioner's sentence was ordered to run concurrently to a one-year term of imprisonment imposed the

---

[1]    *See*    http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/ caseInfo.asp?caseNumber=CR2018-005367 (last visited Oct. 5, 2021).

[2]    *See*  http://www.courtminutes.maricopa.gov/viewerDoc.asp?sadID=55495  (last visited Oct. 5, 2021).

same day in case # CR 2018-104075.[3]   The Superior Court subsequently granted Petitioner's unopposed petition for post-conviction relief,[4] and on October 14, 2020, he was resentenced to a 4.5-year term of imprisonment with credit for time served.[5]

In his Petition, Petitioner names David Shinn as Respondent and the Arizona Attorney General as an additional Respondent.[6]   Petitioner raises two grounds for relief. In Ground One, he claims that he received ineffective assistance of counsel.  In Ground Two, he asserts that the trial court violated the Double Jeopardy Clause when it enhanced his sentence based on a conviction for a crime that occurred more than twenty years ago.

It does not appear that Petitioner presented the issues raised in Grounds One and Two to any Arizona appellate court.  However, even if the exhaustion requirement has not been met, it appears that any unexhausted claims may be procedurally barred.  In light of the possibility of procedural bar, a summary dismissal would be inappropriate. *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred).  Thus, the Court will require Respondents to answer the Petition.  28 U.S.C. § 2254(a).

## II.     Warnings

### A.     Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

---

[3] *See id.*;  http://www.courtminutes.maricopa.gov/viewerDoc.asp?sadID=55506 (last visited Oct. 5, 2021).

[4] *See* http://www.courtminutes.maricopa.gov/viewerME.asp?fn=Criminal/082020/m9248184.pdf (last visited Oct. 5, 2021).

[5] *See*  http://www.courtminutes.maricopa.gov/viewerDoc.asp?sadID=96538  (last visited Oct. 5, 2021).

[6] The Arizona Attorney General has been named as both "Attorney General of the State of Arizona" and "Mark Brnovich."

**B.     Copies**

Because Petitioner is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Petitioner is not required to serve Respondents with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  Petitioner may comply with Federal Rule of Civil Procedure 5(d) by including, with every document he files, a certificate of service stating that this case is subject to General Order 14-17 and indicating the date the document was delivered to prison officials for filing with the Court.

**If** Petitioner is transferred to a unit other than one subject to General Order 14-17, he will be required to: (a) serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files, and include a certificate stating that a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.     Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office.  Pursuant to the Memorandum of Understanding, copies of the Petition and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State

of Arizona to designated electronic mail addresses.  Within 2 business days, the Attorney General's Office will acknowledge receipt of the Petition and the Court's Order and within 5 business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(2)     Respondents must answer the Petition within **40 days** of the date of service. Respondents must not file a dispositive motion in place of an answer.  Respondents may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims.  The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim.  If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  If not, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3)     Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/ sites/default/files/documents/adm%20manual.pdf.

(4)     Petitioner may file a reply within **30 days** from the date of service of the answer.

. . . .

. . . .

. . . .

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(5)    This matter is referred to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 12th day of October, 2021.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge

**TERMPSREF**